# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:11-CV-2096 CAS |
| CHRISTOPHER HARWOOD, an individual d/b/a TRIPLE H DEMO and TRIPLE H CONTRACTORS, L.L.C. and TRIPLE H CONTRACTORS, L.L.C., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for partial summary judgment. The motion is fully briefed and ready for decision. For the following reasons, the motion will be denied.

**Background**

Plaintiffs' claims arise out of a collective bargaining agreement ("collective bargaining agreement") allegedly entered into with defendant Christopher Harwood d/b/a Triple H Demo. The agreement requires employers to make contributions to the Construction Laborers employee benefit funds on the basis of all hours worked by covered employees, and requires employers to submit monthly contribution report forms. Plaintiffs allege defendant Harwood is conducting business under the name Triple H Demo and Triple H Contractors, L.L.C. and is not submitting monthly contribution report forms. Alternatively, plaintiffs allege that defendant Harwood signed the collective bargaining agreement as Triple H Demo, but performed work under the name of Triple H Contractors, L.L.C. and this entity is not submitting monthly contribution report forms. Plaintiffs move for partial summary judgment against defendants to submit to an audit of their records and books.

Defendant Harwood, proceeding pro se, opposes summary judgment. Along with his opposition brief, he has filed affidavits of himself and Eugene Hulsey. Mr. Harwood states that on October 10, 2005, he and Eugene Hulsey went to the offices of the Eastern Missouri Laborers' District Council to "see about getting Union jobs for a Company and how [he] go[es] about it." The woman at the offices handed Mr. Harwood a one-page paper to fill out and sign, titled "AGREEMENT."

> This one-page document titled "AGREEMENT," states:
>
> "The undersigned company hereby agrees to and is bound by the 2004-2009 Collective Bargaining Agreement, effective March 1, 2004, between the **Site Improvement Association** and the **Eastern Missouri Laborers' District Council** and its **affiliated Local Unions Nos. 42, 53, and 110**, and also agrees to be bound by all subsequent agreements, renewals, changes or extensions thereto made by the original parties, unless notice of termination is given to the Union by the undersigned not less than sixty (60) days nor more than ninety (90) days prior to any termination date. The undersigned understands that no Union business representative, officer or agent has any authority to enter into any oral modification of the terms of this Agreement or of the Agreement's coverage or scope, and any such Agreements are of no legal force or effect."
>
> I hereby acknowledge that I have received a copy of this Agreement.

See Affidavit of Ron Graves, Ex. 1 (Doc. 26-2) (quotations in original) (emphasis in original).

Mr. Harwood filled out this one-page "AGREEMENT" and signed it. Mr. Harwood signed as a co-owner of a company called Triple H Demo, which was the name he and Mr. Hulsey came up with on-the-spot as a name for the company they thought they were starting by filling out the "AGREEMENT." Mr. Harwood states that he "though[t] this was how you start a Business and get Union Jobs for the Business and this was what [he] was agreeing and signing to." Harwood Aff. at ¶ 2 (Doc. 24-1).

Mr. Harwood states he was never offered a copy of any collective bargaining agreement, never saw the collective bargaining agreement, did not acknowledge receiving the collective

bargaining agreement, had no idea he would be bound by a collective bargaining agreement, and had no knowledge of the terms of any collective bargaining agreement. He states that when he signed the one-page form titled "AGREEMENT," he assumed the paragraph that states "I hereby acknowledge that I received a copy of this Agreement" was referring to the one-page "AGREEMENT" he was signing. He also states that the one-page "AGREEMENT" he signed did not include any signature block for the Eastern Missouri Laborers' District Council, and nobody from the Laborers' District Council signed the one-page "AGREEMENT."

Later, Mr. Harwood received forms from the Laborers' District Council, but he "put off looking at any mail . . . because I knew that I had not knowingly agreed to pay funds on employees and I had no employees to pay funds on, so I did not think I had to do anything with these forms." Id. at ¶ 3. When Mr. Harwood finally became aware of the collective bargaining agreement, apparently during the pendency of this action, he states he would have never signed such an agreement.

> If I would have been made aware of [the collective bargaining agreement] on October 10, 2005, I would have seen page 10 & 11 Sections 5.03 to 5.09 which state about different funds and I would not have signed anything because I was just starting a Business and I would not want the responsibility of this and on page 12 Section 5.12 which states [a]bout Surety Bond and Insurance in the amount of $25,000.00 I know that I would not have signed anything to agree to this because I was just starting a Business and I did not have this kind of money and I know that I would not quali[fy] for a loan for a Surety Bond . . . .

Def.'s Mem. in Supp. of Resp. to Pls.' Compl. (Doc. 24).

**Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. See Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

**Discussion**

"'To establish a submissible case of breach of contract, a plaintiff must first establish the existence of an agreement.'" Viacom Outdoor, Inc. v. Taouil, 254 S.W.3d 234, 238 (Mo. Ct. App. 2008) (quoting Gateway Exteriors, Inc. v. Suntide Homes, Inc., 882 S.W.2d 275, 279 (Mo. Ct. App. 1994)). To form a contract, the parties must mutually assent to its terms. "In other words, 'the parties must have a distinct intention, common to both, and without doubt or difference, and . . . the minds of the contracting parties must meet upon and assent to the same thing in the same sense and at the same time.'" Id. (quoting Macy v. Day, 346 S.W.2d 555, 558 (Mo. App. 1961)).

Plaintiffs move for partial summary judgment, asserting that there are no genuine issues of material fact to preclude entry of partial judgment in their favor as a matter of law on their claims. The Court disagrees, finding that issues remain including but not limited to (1) whether defendant Harwood received a copy of the collective bargaining agreement; (2) whether defendant Harwood acknowledged receiving a copy of the collective bargaining agreement; (3) whether defendant Harwood was offered any opportunity to review the collective bargaining agreement; (4) whether

the one-page "AGREEMENT" signed by defendant Harwood included the signature block for the Eastern Missouri Laborers' District Council; (5) whether defendant Triple H Contractors, L.L.C. existed at the time of the collective bargaining agreement; (6) whether Triple H Contractors, L.L.C. can be bound by the collective bargaining agreement; and (7) defendant Harwood's mental capacity to enter into an agreement. These factual issues affect the Court's determination of whether there was mutual assent to the terms of the collective bargaining agreement. Based on the current record, the Court cannot conclude there was a firm agreement, or a meeting of the minds, between the parties. The Court will deny plaintiffs' motion for partial summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for partial summary judgment is **DENIED**. [Doc. 25]

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this 8th day of March, 2013.